

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Suwu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2324

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Suwu v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2324

FELMER OLDY SUWU,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79-708-183
(U.S. Immigration Judge: Honorable Daniel A. Meisner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2008

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed :  May 28, 2008)

OPINION OF THE COURT

PER CURIAM.

    Felmer Oldy Suwu has filed a petition for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings.

For the reasons that follow, we will deny the petition for review.

Suwu is a citizen of Indonesia. In 1995, he was admitted into the United States as a non-immigrant visitor, but he overstayed his visa. In April 2003, he was placed in removal proceedings. He conceded removability. On the basis of his Christianity, citing violence by Muslims against Christians in Indonesia, Suwu applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure in alternative to removal. In May 2004, the Immigration Judge ("IJ") denied asylum, withholding, and CAT relief, finding that Suwu untimely filed his asylum application and failed to meet the burden of proving eligibility for asylum, withholding, and CAT relief. The IJ also noted that Suwu's home region is predominantly Christian, that he alleged no persecution to himself or to his family, and that his close family members remained in Indonesia without harm. The IJ granted voluntary departure. On July 27, 2005, the BIA dismissed Suwu's appeal and granted voluntary departure within sixty days of its order. More than one year later, on November 6, 2006, Suwu filed a motion to reopen his removal proceedings based on based on changed country conditions. On March 30, 2007, the BIA denied the motion. This petition for review followed.

We have jurisdiction to review the BIA's denial of Suwu's motion to reopen. See 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. See Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). Accordingly, to succeed on his petition for review, Suwu must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id.

An alien must file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered  See 8 C.F.R. § 1003.2(c)(2).  There is an exception to this limitation when an applicant for asylum or withholding of removal demonstrates that his or her claim is based on changed circumstances in the country of removal, if supporting evidence is material and was not available and could not have been discovered or presented at the prior hearing.  See 8 C.F.R. § 1003.2(c)(3)(ii).

In his motion to reopen, Suwu claimed that he satisfied the changed circumstances exception because of deteriorating conditions for Christians in Indonesia.  Suwu submitted supporting materials, including a letter from his mother, the State Department International Religious Freedom Report 2005 for Indonesia ("the Report"), and articles by the International Christian Concern.  The materials contain documentation of violence against Christians in Indonesia that occurred since the time of the hearing.  For example, Suwu's mother's letter recounts that in October 2005, three women were beheaded on their way home from a Christian school.  Also, the Report and articles contain statements that the Indonesian government at times condoned the abuse of religious freedom and suggest that the government may have been directly involved in the persecution of Christians.  However, the Report also notes that there was no change in the status of respect for religious freedom during the reported period, and that the Indonesian government made significant efforts to reduce religious violence, though such violence did sometimes occur.  Similarly, although the articles by the International Christian

3

Concern focus on the continued religious violence in Indonesia with the suspicion of government collusion, the articles also acknowledged that Indonesian authorities were taking steps to protect against church bombings in advance of the Christmas holiday, and that police had re-arrested suspects in the beheadings incident after their release by the army. Finally, regarding Suwu's mother's account that Suwu's uncle was a victim of a militant Islamic extremist group, she states only that he was "traumatized and depressed" by examples of terrorism against Christians, and then he fell ill after suffering a stroke several months before her letter, which is undated. As noted by the BIA, the letter does not identify when the uncle became ill and does not state that he was actually harmed for being a Christian.

To the extent that Suwu argues that his motion to reopen constituted a renewed request for asylum, withholding of removal, and CAT relief, and that the BIA erred in failing to consider whether he made a prima facie showing of eligibility for relief in his motion to reopen, we reject this argument. Suwu does not dispute that his motion to reopen was filed beyond the ninety-day filing period, but he does not address how his motion satisfied the criteria of 8 C.F.R. § 1003.2(c)(3)(ii), the procedural hurdle he must overcome before having his untimely motion to reopen considered. See Shardar v. Attorney General, 503 F.3d 308, 313-14 (3d Cir. 2007). In sum, we conclude that Suwu did not sufficiently establish changed country conditions in Indonesia to qualify for an

4

exception to the ninety-day filing requirement.  Thus, the BIA did not abuse its discretion in denying the motion to reopen.

We will deny the petition for review.